UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE MEIER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-8047 |
| | ) | |
| v. | ) | Honorable John W. Darrah |
| | ) | |
| COUNTRY FINANCIAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Country Financial filed a Motion to Dismiss. Defendant seeks to dismiss Plaintiff Jacqueline Meier's ("Meier") claims against Country Financial pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1] Based on the discussion below, Defendant's Motion to Dismiss is denied.

## BACKGROUND

On May 20, 2011, Meier filed a charge of discrimination against Country Financial with the Illinois Department of Human Rights ("IDHR"), which then cross-filed the charge with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 35.) Subsequently, on May 26, 2011, Meier withdrew her claim from the IDHR and requested a Right-to-Sue letter from the EEOC. (Pl. Resp. 2.) However, on June 2, 2011, the IDHR mailed Defendant Country Financial a notice of Plaintiff's charge and asked Country Financial to file a response. (Def.'s Mot. to Dismiss, Ex. B.)

---

[1] While Defendant invokes Federal Rule 12(b)(6) in its motion, it provides no argument or explanation as to why Meier has failed to state a claim upon which relief may be granted. Therefore, this motion is viewed strictly as a (12)(b)(1) motion to dismiss for lack of subject-matter jurisdiction.

1

Because Meier voluntarily withdrew her IDHR charge, the IDHR issued an Order of Closure on June 24, 2011; this Order also stated the EEOC's processing of this charge was terminated. (Def.'s Mot. to Dismiss, Ex. C.) However, the EEOC had not terminated its processing of Meier's charge; instead it issued Meier a Right–to-Sue letter on August 16, 2011. (Compl. ¶ 35.) Upon receiving the Right-to-Sue letter from the EEOC, Meier instituted the present suit. (*Id.*)

In its Motion to Dismiss, Country Financial argues this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1331 because Meier failed to exhaust her administrative remedies when she voluntarily withdrew her charge with the IDHR.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise as a defense, by motion, a federal court's lack of subject-matter jurisdiction. "When reviewing a dismissal for lack of subject-matter jurisdiction . . . the district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (*St. John's*) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). However, when a defendant challenges subject-matter jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The nonmoving party must support its allegations with competent proof of jurisdictional facts. *Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). If necessary, a district court may also look beyond the jurisdictional allegations to evidence outside of the pleadings to determine whether federal subject-matter jurisdiction exists. *St. John's*, 502 F.3d at 616.

## ANALYSIS

Before bringing a claim under Title VII, a plaintiff "is required to exhaust her administrative remedies by filing a complaint with the appropriate federal or state agency." *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004) (citing *Volovsek v. Wis. Dep't of Agric., Trade, & Consumer Prot.*, 344 F.3d 680, 687 (7th Cir. 2003)). Some states, including Illinois, have a deferral scheme in place, whereby a Title VII plaintiff may not file a discrimination charge with the EEOC until the charge is first filed with the appropriate state agency and either: (1) sixty days has elapsed, or (2) the agency terminates its proceedings. *See* 42 U.S.C. § 2000e-5(c) (2006); *see also Hong v. Children's Mem'l Hosp.*, 936 F.2d 967, 968 (7th Cir. 1991) (*Hong*).

Country Financial contends Meier failed to comply with the requirements under Title VII before instituting this suit. It argues Meier voluntarily withdrew her charge, and both the IDHR and the EEOC terminated their investigations. Thus, Country Financial contends she denied the relevant agencies an opportunity to investigate those claims, barring her from pursuing them in federal court.

Country Financial relies, in part, on a letter it received from the IDHR, stating Meier's withdrawal of her claim with them also terminated the EEOC's processing of her claim. However, Meier rebuts this by submitting, with her response to the motion to dismiss, a Notice of a Right to Sue she received from the EEOC. Based on this evidence, it is apparent that the EEOC *did not* cease its processing of her charge.

However, many states, including Illinois, have deemed the deferral process as inefficient. *Hong*, 936 F.2d at 969. Therefore, Illinois has chosen to waive its right under Title VII to initially process employment discrimination claims by entering into agreements with the EEOC.

3

*See id.* The United States Supreme Court has addressed these agreements between the relevant state agencies and the EEOC. *See EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107 (1988) (*Commercial Office*). In *Commercial Office*, the Supreme Court concluded Congress's intent regarding the 60-day deferral period in § 706(c) was to allow state and local agencies to waive it, authorizing the EEOC to take immediate action. The Supreme Court further held the state agency in that case, by waiving its 60-day deferral period, "terminated" its proceedings for the purposes of 42 U.S.C. § 2000e-5(c). *Id.*

The Seventh Circuit has addressed specifically the so-called "work-sharing agreement" between the IDHR and the EEOC. *See Sofferin v. Am. Airlines, Inc.*, 923 F.2d 552 (7th Cir. 1991) (*Sofferin*); *Zugay v. Progressive Care, S.C.*, 180 F.3d 901 (7th Cir. 1999) (*Zugay*). In *Sofferin*, the Court found "the work-sharing agreement states that the IDHR 'hereby waives' its exclusive processing rights to those charges assigned by the agreement to the EEOC for initial processing." *Sofferin*, 923 F.2d at 556. Furthermore, the waiver is self-executing and causes a charge within a waived category to be deemed filed immediately with the EEOC. *Id.* at 557. The Court agreed with the Third, Fourth, Ninth, and Eleventh Circuits that this waiver provision constitutes a termination of state proceedings. *Id.* This finding, the Court explained, furthered the work-sharing agreements' purpose of expeditiously processing discrimination charges. *Id.*

Particularly pertinent to this case, the Seventh Circuit has also held once a complaint is filed with the EEOC, the work-sharing agreement creates "instantaneous constructive termination" of the state's jurisdiction over the charges. *Marlowe v. Bottarelli*, 938 F.2d 807, 814 (7th Cir. 1991) (*Marlowe*) (internal quotations omitted). The Court noted further that the agreement specifically states the "IDHR hereby waives its exclusive right to process those charges for 60 days, as provided in Section 706(c) of Title VII . . . so that EEOC can take

4

immediate action on such charges." *Id.* (quoting the Workshare Agreement between the EEOC and the IDHR).

Similarly, in addressing the operation of a work-sharing agreement between the Wisconsin Equal Rights Department ("ERD") and the EEOC, the Seventh Circuit held that the work-sharing agreement resulted in the waiver of exclusive jurisdiction, occurring at the time the complaint was filed with the ERD, citing *Marlowe* as support for this conclusion. *Johnson v. J.B. Hunt Transp., Inc.*, 280 F.3d 1125, 1130-31 (7th Cir. 2002) (*J.B. Hunt*). The Court's holding in *J.B. Hunt* affirmed its *Commercial Office* decision regarding what constitutes a termination of state proceedings for purposes of Title VII. The Court also acknowledged that its holding was consistent with the federal regulations interpreting the statute. *Id.*

In sum, the Seventh Circuit's interpretation of the work-sharing agreement between the IDHR and the EEOC requires the conclusion that when the IDHR cross-filed Meier's complaint with the EEOC, the waiver provision of the agreement precluded the necessity of fulfilling Title VII's 60-day deferral requirement, regardless of the fact Meier withdrew her complaint from the IDHR shortly thereafter. *Zugay* confirms this interpretation where the Seventh Circuit provided in *dicta*, "when a state agency waives its 60-day deferral period" the plaintiff need not even wait the 60 days. *Zugay*, 180 F.3d at 903 n.2 (citing *Sofferin*, 923 F.2d at 558).

The case law discussed above does not directly address the facts specific to this case, which involves a plaintiff who voluntarily withdrew her complaint from the IDHR. However, the Seventh Circuit's interpretation of the work-sharing agreement between the IDHR and the EEOC, and resulting waiver of the 60-day deferral period, is directly applicable. Therefore, Country Financial's argument that Meier did not exhaust her remedies because she withdrew her

5

complaint before the 60-day deferral period elapsed fails because the work-sharing agreement between the IDHR and the EEOC effectively waives this deferral period.

To support its argument Meier did not exhaust her administrative remedies by allowing 60 days to elapse after filing with the IDHR, Country Financial cites *McGee v. United Parcel Serv., Inc.*, 01 C 9099, 2002 WL 449061 (N.D. Ill. Mar. 22, 2002) (*McGee*). *McGee* is distinguishable from the facts in this case. In *McGee*, the plaintiff filed two separate charges under Title VII against his employer with the IDHR, one in 1998 and the other in 2000, which were also cross-filed with the EEOC. *Id.* at *1. Not long after the second filing, he withdrew certain claims from that charge. *Id.* Subsequently, the EEOC issued the plaintiff a right–to-sue letter for his first charge in 1998, but not for his second charge in 2000. *Id.* at *2. However, the plaintiff filed a complaint based, in part, on his claims in the 2000 charge, which he had withdrawn, not on the 1998 claim for which the right-to-sue letter was issued. Therefore, the defendant moved to dismiss, and the court granted the dismissal because the claims at issue in the suit were not covered by the right-to-sue letter issued. Thus, even if *McGee* were binding, it is distinguishable from the facts present here because Meier has brought her suit on the same claims for which the EEOC issued her Right-to-Sue letter.

Because the Seventh Circuit has interpreted the work-sharing agreement between the IDHR and the EEOC to effectively waive the 60-day deferral period, coupled with Meier's properly obtained Right-to-Sue letter from the EEOC, subject-matter jurisdiction exists.

## CONCLUSION

For the reasons set forth above, Country Financial's Motion to Dismiss is denied on all grounds.

Date: 3-20-12

JOHN W. DARRAH
United States District Court Judge